| | | |
|---|---|---|
| NAGOU TRAORE | * | IN THE CIRCUIT COURT |
| 1117 Kingwood Drive | | |
| Takoma Park, MD 20912 | * | OF MARYLAND |
| Plaintiff, | * | FOR |
| v. | * | PRINCE GEORGE'S COUNTY |
| DAVID WALKER | * | CASE NO. CAL20-15348 |
| 1339 Fort Drive NW #309 | | |
| Washington, DC 20011 | * | |
| And | * | |
| JAMES RIVER INSURANCE COMPANY | * | |
| Serve: Maryland Insurance Commission | * | |
| 200 St. Paul Place, Suite 2700 | | |
| Baltimore, MD 21202 | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

COMES NOW the Plaintiff, Nagou Traore, by and through his undersigned attorneys, Alan J. Mensh, Cedric S. Lewis and Ashcraft & Gerel, LLP, and by way of his Complaint against the Defendants, David Walker and James River Insurance Company (hereinafter referred to as "James River"), states as follows:

### COUNT I
(Negligence—David Walker)

1. On or about September 29, 2017, the Plaintiff, Nagou Traore, was a passenger in a motor vehicle that was operating on East West Highway at 42nd Avenue in Prince George's County, Maryland.

2. At the same time and place, the Defendant, David Walker, was also operating a motor vehicle on East West Highway at 42nd Avenue and traveling behind the Plaintiff.

3. The driver of the vehicle that Plaintiff was a passenger in, while exercising due care and without any contributory negligence, was subsequently struck from the rear.

4. Defendant Walker had a duty to operate his vehicle in a safe and prudent manner, to keep his vehicle under control at all times, to maintain a constant lookout on the roadway, to use proper braking and steering techniques and to obey all traffic laws and regulations in effect in the State of Maryland.

5. The Defendant breached the aforesaid duties by failing to operate his vehicle in a safe and prudent manner, failing to keep his vehicle under control, failing to maintain a lookout on the roadway, failing to use proper braking and steering techniques, and failing to obey the laws and regulations in effect in the State of Maryland.

6. As a direct and proximate result of the Defendant's negligence, the Plaintiff suffered severe bodily injuries which caused him and will continue to cause him severe pain, emotional distress and permanent disability, disfigurement and impairment.

7. As a further direct and proximate result of the Defendant's negligence, the Plaintiff has incurred and will continue to incur in the future, substantial sums of money for medical care, attention and other expenses.

8. As a further direct and proximate result of the Defendant's negligence, the Plaintiff has sustained and will continue to sustain a loss of wages and earning capacity.

### COUNT II
(Breach of Contract—Defendant James River)

9. The Plaintiff hereby incorporates by reference herein the allegations contained in paragraphs 1 through 8 above.

10. Defendant James River was duly licensed in the State of Maryland in the sale, issuance and distribution of policies of automobile insurance providing various forms of coverage to drivers, passengers, and owners of automobiles in the State of Maryland.

11. Defendant James River did issue to the Plaintiff, for consideration, and insurance policy which provided, pursuant to Maryland law, for "uninsured motorist coverage" and that under said coverage, the Defendant agreed to pay all sums which the insured would be legally entitled to recover as damages from the owner and/or operator of an uninsured motor vehicle because of bodily injury and/or property damage sustained by their insured.

12. Defendant James River is therefore liable to the Plaintiff for his injuries, damages and losses aforesaid, caused by reason of the negligence and carelessness of the Defendant, David Walker, who was uninsured at the time of the collision

13. Plaintiff has fully complied with all of the provisions of the policy to date, but in spite of such compliance, Defendant James River has refused to properly negotiate any reasonable settlement for the injuries and damages sustained in the aforementioned automobile collision, pursuant to its policy and contract of insurance which covers the Plaintiff.

14. The Plaintiff has complied with all conditions precedent to the maintaining of this claim and lawsuit.

WHEREFORE, the Plaintiff, Nagou Traore, prays for judgment jointly and severely against the Defendants, David Walker and James River Insurance Company, in an amount in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), together with interest and the cost of the suit filed herein.

Respectfully submitted,

ASHCRAFT & GEREL, LLP

_____
Cedric S. Lewis
CPF ID# 1806190095
8403 Colesville Road Suite 1250
Silver Spring, Maryland 20910
Telephone: (301) 468-2731
Fax: (301) 881-6132
clewis@ashcraftlaw.com


_____
Alan J. Mensh
CPF ID# 9212160224
8403 Colesville Road Suite 1250
Silver Spring, Maryland 20910
Telephone: (301) 468-2731
Fax: (301) 881-6132
amensh@ashcraftlaw.com